IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. Nos.    6:22-929-HMH |
| | ) |                     6:22-930-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Robin Lee Johnson, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Defendant Robin Lee Johnson's ("Johnson") pro se motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons below, the court denies her motions.

**I. BACKGROUND**

On July 13, 2023, after a jury trial in case number 22-929, Johnson was found guilty of three counts of wire fraud in violation of 18 U.S.C. § 1343. (22-929 Verdict, ECF No. 123.) In addition, on July 25, 2024, after a jury trial in case number 22-930, Johnson was found guilty of six counts of knowingly uttering counterfeit checks in violation of 18 U.S.C. § 513(a). (22-930 Verdict, ECF No. 113.) At sentencing, on January 17, 2024, the court imposed a 46-month sentence in case number 22-929. In addition, on March 12, 2024, the court imposed a 33-month sentence in case number 22-930 to be served consecutively with the sentence imposed in case number 22-929. Johnson appealed her conviction and sentence, and her appeal is currently pending.[1]

---

[1] "When faced with a motion for compassionate release during a pending appeal, the court may (1) defer considering the motion, (2) deny the motion, or (3) issue an indicative ruling." United States v. Wolfe, No. 6:18-CR-00582-DCC-1, 2021 WL 2291894, at *2 (D.S.C. June 4, 2021), reconsideration denied, No. 6:18-CR-00582-DCC-1, 2022 WL 1204840 (D.S.C. Apr. 21, 2022); Fed. R. Crim. P. 37(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the

1

On February 4, 2025, Johnson filed the instant motions for compassionate release. (Mots. Compassionate Release, ECF No. 161 (22-929), ECF No. 151 (22-930).) She requests that the court compassionately release her due to her medical conditions, including hypertension and kidney problems. In addition, she submits that her husband has severe mental health problems and a chronic heart condition. Further, Johnson alleges that she needs to be released to allow her to seek custody of her granddaughters, including one grandchild with autism who is in the care of her elderly mother. (Id. generally, ECF No. 161 (22-929), ECF No. 151 (22-930).) The Government opposes Johnson's motions, contending that she has failed to show extraordinary and compelling reasons to support her motion and the 18 U.S.C. § 3553(a) factors weigh against a sentence reduction. (Gov't Resp. 1, ECF No. 168 (22-929), ECF No. 158 (22-930).)

## II. LEGAL FRAMEWORK

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The compassionate-release statute, however, authorizes a court to reduce a defendant's sentence if, after considering the 18 U.S.C. § 3553(a) factors, it finds that (1) "extraordinary and compelling reasons" warrant a reduction and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A).

The "applicable policy statement[]" reiterates the statutory requirements, with the additional requirement that the defendant not be "a danger to the safety of any other person or to

---

motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."); United States v. Bunch, 828 F. App'x 185 (4th Cir. Nov. 4, 2020) (unpublished) ("[T]he district court erred in dismissing the motion [for compassionate release] and should have resolved the motion within the limits of Rule 37(a).").

the community." U.S.S.G. § 1B1.13(a)(2); see also U.S.S.G. Supp. to App. C, Amend. 814, Reason for Amendment (effective Nov. 1, 2023) ("extend[ing] the applicability of the policy statement to defendant-filed motions").  The policy statement then enumerates six categories of "extraordinary and compelling reasons" that may justify compassionate release: (1) the defendant's medical circumstances, (2) the defendant's advanced age, (3) the defendant's family circumstances, (4) the defendant's status as a "victim of abuse," (5) any other reasons that are "similar in gravity" to the first four categories, and (6) certain changes in law if the defendant has served ten years of an "unusually long sentence" and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(1)-(6).  Under the policy statement, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason" but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."  Id. § 1B1.13(d).

At the final step of the compassionate-release analysis, the court considers the § 3553(a) sentencing factors "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," deter crime, protect the public from the defendant's future criminal conduct, and provide the defendant with needed "correctional treatment"; (3) "the kinds of sentences available"; (4) the Guidelines sentencing range; (5) certain policy statements issued by the Sentencing Commission; (6) "the need to avoid unwanted sentence disparities among" similarly situated defendants; and (7) the need for victim restitution.  Id. § 3553(a).

### III. DISCUSSION

Johnson argues that extraordinary and compelling reasons exist under U.S.S.G. § 1B1.13(b)(1) and (b)(3). (Mots. Compassionate Release, ECF No. 161 (22-929), ECF No. 151 (22-930).) In seeking compassionate release, Johnson "bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021). With respect to her family circumstances, § 1B1.13(b)(3), Johnson has failed to provide any medical evidence or affidavits regarding her granddaughters or her spouse's medical conditions. In addition, there is no evidence that she is the sole available caregiver for her granddaughters or spouse.

In addition, with respect to her medical circumstances, § 1B1.13(b)(1), Johnson's medical records from the BOP reveal that she has hypertension and some evidence of past kidney issues. However, the records reflect that she is receiving care for her conditions while incarcerated. There is no evidence of any serious deterioration in her health or need for specialized medical care. (Gov't Resp. Ex. 2, ECF No. 168-2 (22-929), ECF No. 158-2 (22-930).)

Finally, while the court notes that Johnson has undertaken educational classes, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason for" a sentence modification. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t); see, e.g., United States v. McCain, No. 1:06CR203-1, 2023 WL 7385546, at *8 (M.D.N.C. Nov. 8, 2023) (unpublished); United States v. Feliz, No. 16 Cr. 809 (VM), 2023 WL 8275897, at *6 (S.D.N.Y. Nov. 30, 2023) (unpublished); United States v. Lewis, No. 04-344, 2024 WL 640023, at *3-4 (E.D. La. Feb. 15, 2024) (unpublished); United States v. Ross, No. 3:18-cr-00626-AN, 2023 WL 8868814, at *5 (D. Ore. Dec. 22, 2023) (unpublished). For the reasons discussed above, Johnson has failed to show extraordinary and compelling reasons for a reduction in her sentence under § 1B1.13.

Even if Johnson could show extraordinary and compelling reasons, the court has considered the factors under § 3553(a) and finds that the nature and circumstances of Johnson's offenses, her history and characteristics, and the need for her sentence to protect the public do not support a reduction in this case.

Johnson's offenses in this case were serious. Johnson is a serial fraudster. With respect to case number 22-929, Johnson operated a company called Global Staffing Solutions, LLC ("Global"), which purported to be a staffing agency. In November 2021, Global entered a factoring arrangement with Capital Business Funding, LLC ("Capital"). Johnson would send invoices and time records to Capital indicating that she had provided workers to various South Carolina small businesses. (PSR ¶ 18 (22-929), ECF No. 137.) After reviewing the invoices and time records, Capital would wire the discounted invoice amount directly to Johnson's Bank of America account. (Id. ¶¶ 23-24 (22-929), ECF No. 137.) In all, Capital sent Johnson ten wire transfers totaling $406,289.04. (Id. ¶ 25 (22-929), ECF No. 137.) However, Johnson never provided the workers, and Capital discovered the fraud in January 2022 after none of the businesses listed on the invoices had paid. (Id. ¶¶ 19-20 (22-929), ECF No. 137.)

While investigating the offense in 22-929, law enforcement discovered Johnson's fraudulent conduct in 22-930 from Johnson's bank records. (PSR ¶ 11 (22-930), ECF No. 131.) Johnson deposited six counterfeit checks that appeared to be issued from a loan company. However, the account number was an account belonging to a law firm in Chardon, Ohio. (Id. ¶ 12 (22-930), ECF No. 131.) The total loss in this case was $110,533.16. (Id. ¶ 14 ECF No. 131.) Johnson owes significant restitution in both cases.

In addition, Johnson has numerous prior convictions involving theft, fraudulent checks, and shoplifting.  (PSR ¶¶ 31-47 (22-929), ECF No. 137; PSR ¶¶ 20-36 (22-930), ECF No. 131.)  Further, Johnson has served less than half of her sentence.

In denying Johnson's motions, the court recognizes that she has undertaken educational opportunities during her incarceration.  (Mots. Compassionate Release Ex. 1 (Letter), ECF No. 161-1 (22-929), ECF No. 151-1 (22-930).)  While the court applauds Johnson for any strides she has made towards rehabilitation, her efforts do not alter the court's conclusion that her 46-month sentence in 22-929 and 33-month consecutive sentence in 22-930 remains "sufficient, but not greater than necessary," to achieve the statutory goals of sentencing.  18 U.S.C. § 3553(a).

### IV. Conclusion

For the foregoing reasons, Johnson's motions for compassionate release, docket numbers 161 (22-929) and 151 (22-930), are denied.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
March 18, 2025

### NOTICE OF RIGHT TO APPEAL

Johnson is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.